# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| JOANN SHERNOFF; DSCC,<br><br>        Plaintiffs,<br><br>    v.<br><br>MARCI ANDINO, in her official capacity as the Executive Director of the South Carolina State Election Commission; HOWARD M. KNAPP, in his official capacity as Director of Voter Services of the South Carolina State Election Commission; JOHN WELLS, in his official capacity as Chair of the South Carolina State Election Commission; and JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL and SCOTT MOSELEY, in their official capacities as members of the South Carolina State Election Commission,<br><br>        Defendants. | Case No. 2:20-cv-03654-RMG |

## PLAINTIFFS' RULE 42 MOTION TO CONSOLIDATE
## ACTIONS FOR PURPOSES OF HEARING

Plaintiffs move pursuant to Rule 42(a)(1) of the Federal Rules of Civil Procedure for the Court to consolidate, for the purposes of hearing, the motion for preliminary injunction that Plaintiffs filed in this case on October 18, 2020, with the pending motion for preliminary injunction in *League of Women Voters of South Carolina et al. v. Andino et al.*, No. 2:20-cv-03537 (D.S.C., preliminary injunction motion filed October 9, 2020), which is pending before this Court. The Court has scheduled the hearing on the *League of Women Voters* preliminary injunction motion for October 21, 2020. *Id.*, ECF No. 25.

Under Rule 42(a)(1), "[i]f actions before the court involve a common question of law or fact" the district court may "join for hearing or trial any or all matters at issue in the actions." FRCP 42(a)(1). "The purpose of Rule 42(a) is to allow district court judges to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cleveland v. City of Montgomery*, 300 F.R.D. 578, 579 (M.D. Ala. 2014) (quotation marks omitted). Here, combining the hearings on the two motions would permit the Court to expeditiously and efficiently hear and preliminarily resolve common and related issues of fact and law ahead of the fast-approaching November 3, 2020 general election with sufficient time for the relief to be meaningful.

There is substantial overlap in questions of law and fact between the two preliminary injunction motions that warrant hearing the motions together. The *League of Women Voters* plaintiffs moved for a preliminary injunction enjoining election officials from rejecting absentee ballots on the basis that they allegedly do not comply with the signature-related requirements of S.C. Code Ann. § 7-15-380 without providing notice of the rejection and an opportunity to cure missing signatures. The Plaintiffs in this action move for injunctions related to the lack of cure process for absentee ballots that are allegedly not properly signed by voters or signed by a witness under the same provision. While both cases argue that this lack of notice and an opportunity to cure perceived deficiencies deprives South Carolina voters of procedural due process and unjustifiably burdens their right to vote, this action emphasizes the voter disenfranchisement caused by missing witness signatures and the need for a unique remedy that differs from the cure proposed both by the League of Women Voters and Plaintiffs in this case for other types of signature deficiencies. Plaintiff JoAnn Shernoff is a voter who will be disenfranchised due to a missing witness signature on her return envelope if she is not permitted to cast a valid ballot.

The legal challenges to lack of due process related to purportedly deficient signatures on return envelopes are similar in both actions, so combining a hearing on these issues would be in the interest of judicial economy. Plaintiffs in this action also seek an injunction that would clarify that voters whose absentee ballots are rejected for failure to obtain a witness signature are still permitted to cast a compliant ballot either absentee or in person. Plaintiffs also seek prompt notification of voters that their ballots have been rejected due to a missing witness signature, and for elections officials to make publicly available the lists of individuals whose ballots have been rejected so that organizations such as the DSCC can help these voters prevent disenfranchisement. If the Court permits Plaintiffs to participate in the hearing, we anticipate focusing on this aspect of Plaintiffs' challenge, and would attempt to avoid repeating arguments addressed by counsel for the League of Women Voters.

In sum, combining the hearing on the preliminary injunction motions in this case and in *League of Women Voters* would promote the economy of time and effort for the Court and all parties involved.

Pursuant to Local Rule 7.02, counsel for Plaintiffs requested consent from counsel for all parties in the *League of Women Voters* case, who are the same in each case.[1] Counsel has not yet heard back whether counsel for the other Parties will consent to this motion. Plaintiffs' counsel will update the Court concerning the other Parties' position once we ascertain it.

For the above reasons, Plaintiffs respectfully request that the Court consolidate the hearing on Plaintiff's motion for a preliminary injunction with the already scheduled October 21, 2020 preliminary injunction hearing in *League of Women Voters of South Carolina*, No. 2:20-cv-03537.

---

[1] While no Defendants have yet appeared in the instant action, the named Defendants are identical and two proposed Intervenor-Defendants have filed a Motion to Intervene. *See* ECF No. 14. Plaintiffs have provided courtesy copies of all filings in this case to all counsel in the *League of Women Voters* case.

| | |
|---|---|
| Dated: October 19, 2020 | By: /s/ Thomas J. Tobin<br>William B. Stafford*<br>Thomas J. Tobin, Fed. Bar. No. 12703<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Telephone: (206) 359-8000<br>Facsimile: (206) 359-9000<br>wstafford@perkinscoie.com<br>ttobin@perkinscoie.com<br><br>Marc E. Elias*<br>Bruce V. Spiva*<br>PERKINS COIE LLP<br>700 Thirteenth Street, N.W., Suite 800<br>Washington, D.C. 20005-3960<br>Telephone: (202) 654-6200<br>Facsimile: (202) 654-6211<br>melias@perkinscoie.com<br>bspiva@perkinscoie.com<br><br>Sopen Shah*<br>PERKINS COIE LLP<br>33 East Main Street, Suite 201<br>Madison, WI 53703-3095<br>Telephone: (608) 663-7460<br>Facsimile: (608) 663-7499<br>sshah@perkinscoie.com<br><br>*Attorneys for Plaintiffs*<br>*Democratic Senatorial Campaign Committee;*<br>*Joann Shernoff* |

*\* Pro Hac Vice Motion Forthcoming*

**CERTIFICATE OF SERVICE**

      I certify that on October 19, 2020, I filed a copy of the above with the Court's electronic filing system.

                                                                               */s/ Thomas J. Tobin*