UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JoAnn Shernoff, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Marci Andino, *et al.*,<br><br>Defendants. | No.: 2:20-cv-03654-RMG<br><br>**State Election Commission Defendants' Motion to Dismiss** |

Defendants Marci Andino, John Wells, JoAnne Day, Clifford J. Edler, Linda McCall, and Scott Moseley ("Election Defendants"),\* all of whom have been sued in their official capacities with the State Election Commission, move to dismiss the amended complaint (ECF 24) under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because the full explanation is set forth in this motion, a separate memorandum is not being filed. *See* D.S.C. Local Civil Rule 7.04.

### Introduction

In a complaint filed just 16 days before the November 2020 general election, the Plaintiffs challenged a South Carolina law that had been in place for decades. South Carolina requires a voter to obtain a witness's signature on the envelope in which an absentee ballot is returned, attesting that the voter signed the voter's oath on that same envelope. *See* S.C. Code § 7-15-380(A). A voter must comply with this witness requirement to have his absentee ballot counted. *See id.* § 7-15-420(B). According to the Plaintiffs, the fact that the State does not provide absentee voters

---

\* Neither JoAnne Day nor Linda McCall are mentioned anywhere in the Complaint except in the caption. No plausible claims can possibly have been stated against them.

notice of their failure to obtain this witness signature and the opportunity to cure that failure amounts to a violation of procedural due process and *Anderson-Burdick*.

They are wrong. Election day has passed, removing the Plaintiffs' obvious *Purcell* problem. But two fatal flaws in their claims still exist. First, their claims are moot because they are as-applied challenges focused on this November's general election, which has already happened. Second, their claims have no merit because they "have no constitutional right to notice and an opportunity to cure defectively submitted absentee ballots." Order 12, *League of Women Voters v. Andino*, No. 2:20-cv-3537 (D.S.C. Oct. 27, 2020), ECF 72 ("*LWV* Order"). The amended complaint should therefore be dismissed.

## Legal Standard

When a case does not satisfy Article III's case-or-controversy requirement, it must be dismissed under Rule 12(b)(1). *CGM, LLC v. BellSouth Telecomm'ns, Inc.*, 664 F.3d 46, 52 (4th Cir. 2011). And when a complaint does not allege claims that are "plausible on [their] face," the complaint must be dismissed under Rule 12(b)(6). *Fauconier v. Clarke*, 966 F.3d 265, 276 (4th Cir. 2020).

## Argument

### I. This claims are moot.

The Plaintiffs are never explicit whether their challenges to the lack of a notice-and-cure procedure for voters who fail to comply with the witness requirement are facial challenges or as-applied ones. Given the prominence of the November 2020 general election in their complaint, it appears their claims are as-applied. The Plaintiffs refer to the November 2020 election seven times in their

amended complaint. *See* ECF 24 at 1, 2, 3, 4, 13, and 14. They also invoke COVID-19. *See* ECF 24 at 4. And they cite the U.S. Supreme Court's stay of the injunction of the witness requirement for the November 2020 general election in *Andino v. Middleton*, 2020 WL 5887393 (U.S. Oct. 5, 2020). *See* ECF 24 at 3.

Federal courts have jurisdiction only over "Cases" and "Controversies." U.S. Const. art. III, § 2. A case does not satisfy this constitutional requirement when it is moot. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.*

The Plaintiffs can no longer attain the relief they seek. The 2020 general election has come and gone. South Carolina has certified the results already. *See* S.C. Code § 7-17-220. Put another way, there is nothing left to enjoin, so the case is moot.

## II.     The claims are meritless.

Even if the Plaintiffs' claims aren't moot, the amended complaint should still be dismissed. The Plaintiffs' claims are based on a voter's own failure to obtain a witness signature before returning an absentee ballot.

The Court has already rejected essentially the same arguments in denying a preliminary injunction motion in *League of Women Voters*. There, the claims centered on a voter's failure to sign his own name. The only difference here is that the failure is to get a witness's signature. But in both cases, the failure is the voter's.

And like the plaintiffs in the *League of Women Voters* case, the Plaintiffs here (in their preliminary injunction motion, for example, *see* ECF 4-1), have not cited a single case holding that a voter has a constitutional right to notice and cure for his own failure to obtain a required signature for absentee voting. In *League of Women Voters*, this Court explained why the signature-matching cases cited in support of claims such as the Plaintiffs bring here are inapposite. First, the failure to sign is the voter's error, not the government's. Second, there is little risk of erroneous deprivation, as election officials can easily tell if there is a signature on the witness-signature line. And third, these claims do not seek a hearing to contest a government decision but rather an opportunity to fix a deficient ballot. *See LWV* Order at 10–11.

Ultimately (and again like the *League of Women Voters* plaintiffs), the Plaintiffs ask this Court to break new legal ground on this claim. The Court noted that it could not "find even one reported case where a court ordered state officials to adopt and implement a notice and cure procedure when state law did not mandate such a process." *LWV* Order at 10–11. Said another way, these Plaintiffs "have no constitutional right to notice and an opportunity to cure defectively submitted absentee ballots." *LWV* Order at 12. Their claims therefore have no merit and should be dismissed.

Indeed, this Court has recognized as much already. After issuing the *LWV* Order, this Court denied the preliminary injunction motion in this case because the issues in *League of Women Voters* were "on essentially the same identical issues raised" in this case. ECF 31.

## Conclusion

The complaint should be dismissed.

Respectfully Submitted,

s/ Wm. Grayson Lambert
Wm. Grayson Lambert
Fed. ID No. 11761
M. Elizabeth Crum
Fed. ID No. 372
Jane W. Trinkley
Fed. ID No. 4143
BURR & FORMAN LLP
Post Office Box 11390
Columbia, SC 29211
(803) 799-9800

*Counsel for Election Defendants*